[No. 9279.    Department Two.    February 7, 1911.]

E. R. Butterworth, *Appellant*, v. Rea F. Bredemeyer, *Respondent*.[1]

Sales—Actions for Price—Pleading—Complaint—Sufficiency. A complaint states a cause of action for goods sold etc., where it alleges that the plaintiff, at the special instance and request of the defendant, furnished certain goods and performed services in conducting the funeral of the defendant's husband and that defendant O. K.'d the bill; and it is immaterial that a bill of particulars showed that defendant guaranteed payment within thirty days; since there was no inference that credit was extended to the estate, and the guarantee goes to the time and was not collateral to the promise of another.

Appeal from a judgment of the superior court for King county, Gay, J., entered October 11, 1910, upon sustaining a demurrer to the complaint, dismissing an action on contract. Reversed.

*Karr & Gregory* and *H. D. Sutton*, for appellant.

*Jay C. Allen*, for respondent.

Chadwick, J.—This action was brought by appellant to recover the sum of $393, alleged to be due for goods sold and services rendered by appellant to respondent. The parts of the complaint material to our present inquiry are as follows:

"That the plaintiff herein, at the special instance and request of this defendant, on or about the 10th day of May, 1910, furnished certain goods, wares and merchandise and performed certain services in conducting the funeral of J. A. O. Bredemeyer, the deceased husband of this defendant, of the reasonable value of three hundred and ninety-three ($393) dollars, and for which goods, wares and merchandise furnished, and services performed, this defendant agreed to pay the sum of three hundred and ninety-three ($393) dollars.

"That the said goods, wares and merchandise furnished and services performed for the funeral of J. A. C. Bredemeyer were done at the special instance and request of this defend-

[1]Reported in 113 Pac. 253.

ant, and she, the said defendant, O. K'd the bill of this plaintiff for three hundred and ninety-three ($393) and guaranteed the payment thereof.

"That this plaintiff has demanded payment of said· sum of three hundred and ninety-three dollars ($393) from the defendant herein, but defendant has refused to make such payment, and the full sum of three hundred and ninety-three dollars ($393) is now due and owing this plaintiff."

The court sustained a demurrer to this complaint, upon the ground that it did not state facts sufficient to constitute a cause of action. A bill had been made out and guaranteed by respondent as follows: "Payment guaranteed within 30 days. Rea F. Bredemeyer." This was submitted by way of a bill of particulars. The court seems to have given a meaning to the words "guaranteed the payment" and "payment guaranteed" that, in our judgment, is not warranted. The complaint clearly states that the goods were furnished to the respondent, and that the services were rendered at her request. There is nothing in the complaint, even as illuminated by the bill of particulars, that would warrant the court in holding that the credit was extended to the estate of the husband of respondent, and that a claim should have been presented to the administrator of the estate. The words "and payment guaranteed inside of thirty days" obviously mean that the guaranty goes to the time of payment, and was not intended to be collateral to the implied promise of another. The word "guarantee" would be inapt unless the complaint alleged that the goods were sold upon the credit of the estate.

If appellant sold the goods and performed the services · upon the credit of the estate, and merely caused the respondent to O. K. the bill and guarantee its payment, the fact may be shown by answer and proof. The complaint will not warrant the inference.

Judgment reversed, with instructions to overrule the demurrer.

DUNBAR, C. J., RUDKIN, MORRIS, and CROW, JJ., concur.